IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARK E. CAMPBELL                                      PLAINTIFF

v.            Civil No. 6:09-cv-06101

CITY OF MT. IDA, ARKANSAS;
SHERIFF WENDELL ADAMS,
Montgomery County, Arkansas;
CHIEF DEPUTY SHERIFF GARY
D. HOGUE; FORMER JAIL
ADMINISTRATOR EDITH YOUNG;
ET AL.                                               DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Mark E. Campbell, currently an inmate of the Varner Unit of the Arkansas Department of Correction, filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

The case is currently before the undersigned for preservice screening under the provisions of the Prison Litigation Reform Act. Specifically, pursuant to 28 U.S.C. § 1915A the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Campbell asserts that the defendants violated his rights in the following ways: he was

subjected to excessive force; his right to the free exercise of religion was interfered with; he was denied adequate medical care; his legal mail was interfered with; and he was denied the right to a fair trial and to the effective assistance of counsel by virtue of a lack of privacy for confidential communications and defendants' leaking information to the prosecuting attorney.

Campbell's claims against Dr. Michael Verser and Saint Joshue's Mercy Medical are subject to dismissal. Campbell alleges Darrell Atkins, is a physician's assistant "employed at Dr. Michael Verser's office Saint Joshue's Mercy Medical in Mt. Ida, AR, and is retained by Montgomery County Sheriff's Office. and is generally responsible for ensuring the provision of medical care to inmates." *Complaint* at page 10. Campbell asserts he would like to take "Dr. Verser's office to court because of PA Daniel lack of profession[alism] which is mal-practice." *Id.*

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

Dr. Verser[1] is a private physician who was not employed by the Montgomery County Sheriff's Office. In this case, Campbell has alleged only that he was treated by Atkins. He does not

---

[1] In the complaint, Campbell refers to Michael Verser as a physician's assistant and as a doctor. It is therefore not entirely clear what title should be applied to Michael Verser.

allege he was treated by Dr. Verser or at Saint Joshue's Mercy Medical. Under § 1983 a party cannot be held liable on a theory of respondeat superior. *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001)(supervisors not liable for constitutional violations of subordinates on respondeat superior theory).

## Conclusion

I therefore recommend that the claims against Dr. Verser and Saint Joshue's Mercy Medical be dismissed. By separate order the remaining defendants will be served.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of February 2010.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE