IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARK E. CAMPBELL                                                    PLAINTIFF

                    v.                 Civil No. 6:09-cv-06101

CITY OF MT. IDA, ARKANSAS;
SHERIFF WENDELL ADAMS,
Montgomery County, Arkansas;
CHIEF DEPUTY SHERIFF GARY
D. HOGUE; FORMER JAIL
ADMINISTRATOR EDITH YOUNG;
ET AL.                                                            DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

      Mark E. Campbell, currently an inmate of the Varner Unit of the Arkansas Department of Correction, filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

      The events at issue in this case occurred while Plaintiff was incarcerated in the Montgomery County Jail from March 3, 2007, until March 27, 2009. Defendants have filed a motion for partial summary judgment (Docs. 40, 41 & 42). Plaintiff has responded to the motion (Docs. 43 & 44). The motion is now ready for decision.

**Discussion**

      Plaintiff asserts that the Defendants violated his rights in the following ways: he was subjected to excessive force; his right to the free exercise of religion was interfered with; he was denied adequate medical care; his legal mail was interfered with; he was denied the right to a fair trial and to the effective assistance of counsel by virtue of a lack of privacy for confidential

communications and Defendants' leaking information to the prosecuting attorney; and he was harassed and retaliated against by Defendant Hamilton because of grievances and affidavits he submitted.

Defendants maintain that Plaintiff's claims of general harassment fail to rise to the level of a constitutional violation. I agree claims of general harassment or verbal abuse do not state claims of constitutional dimension. *See e.g., McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985)(being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim).

However, Plaintiff claims he was harassed on retaliatory grounds after he submitted grievances and affidavits regarding Defendant Hamilton's conduct and indicated he intended to pursue legal action. Inmates have a constitutional right to seek redress of grievances. *See e.g., Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994). The established rule is that "an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper." *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990); *see also Sanders v. St. Louis County*, 724 F.2d 665, 666 (8th Cir. 1983)("[A]n inmate's constitutional right of access to the courts cannot be impaired, either directly, by intercepting mail or prohibiting contact with an attorney, or indirectly, by threatening or harassing

an inmate in retaliation for filing lawsuits").

## Conclusion

I therefore recommend that the summary judgment motion (Doc. 40) be granted to the extent Plaintiff asserts general harassment and verbal abuse claims. However, the motion should be denied to the extent Plaintiff asserts the harassment was in retaliation for him seeking redress of his grievances.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of August 2011.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE